UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GEORGE T.,

Plaintiff,

Case No. 3:23-cv-84

vs.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

Defendant.

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR AN ATTORNEY'S FEE AWARD UNDER 42 U.S.C. § 406(b) (Doc. No. 14); (2) AWARDING PLAINTIFF'S COUNSEL $21,200.00 IN ATTORNEY'S FEES; AND (3) MAINTAINING THE TERMINATION OF THIS CASE ON THE DOCKET**

---

On March 7, 2024, the Court reversed the Administrative Law Judge's non-disability finding and remanded this case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings. Doc. No. 12. On remand, Plaintiff was awarded benefits. Doc. No. 14 at PageID 2064, 2075-79.

The case is pending on Plaintiff's counsel's motion for an award of attorney's fees under 42 U.S.C. § 406(b). *Id*. at PageID 2062-65. The Government filed a response indicating it neither supports nor opposes counsel's presently pending motion. Doc. No. 16 at PageID 2093.

In Social Security cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. § 406(b)(1). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id*. Furthermore, the attorney must show, and the Court must affirmatively find, that

a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

In this case, Plaintiff's counsel seeks attorney's fees in the sum of $21,200.00 for work performed in this case, based on 29.75 hours of attorney and paralegal time. Doc. No. 14 at PageID 2062. Counsel explains she is requesting an $800.00 hourly rate for attorney time and a $400 hourly rate for paralegal time, resulting in a preliminary amount of $22,500.00 in fees

pursuant to § 406(b)(1). Counsel then reduces this amount by subtracting $1,300.00, which corresponds to the amount of charges she included for paralegal time, resulting a total fee request of $21,200.00. *Id*. at PageID 2064-65. Having carefully reviewed the record of this case, including counsel's motion and attached exhibits, and the Government's response, the Court concludes that the hourly rate she seeks is without dispute and more than reasonable in light of counsel's skill and success in litigating the instant case, and her experience in litigating other Social Security cases in this Court.

Based upon the foregoing: (1) Plaintiff's motion for a § 406(b) fee award is **GRANTED**; (2) Plaintiff's counsel is **AWARDED** the requested sum of $21,200.00 in attorney's fees; and (3) as no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.[1]

**IT IS SO ORDERED.**

August 3, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge

[1] Although attorneys must refund to plaintiffs fees previously awarded to counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *see Jankovich v. Bowen*, 868 F.2d 867, 871 n. 1 (6th Cir. 1989), an Order requiring counsel to refund EAJA fees is unwarranted in this case because no EAJA fees were previously awarded.